UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORMAN GRAICHEN and
SHARON L. MCNULTY GRAICHEN,

    Plaintiffs,

v.

WELLS FARGO BANK, NA, FEDERAL HOME LOAN MORTGAGE CORPORATION and HARMON LAW OFFICES, P.C.,

    Defendants.

Case No.: 1:16-CV-00153-S-LDA

## HARMON LAW OFFICES, P.C.'S ANSWER TO COMPLAINT

1. Harmon admits that plaintiffs reside at 125 Orchard Avenue. Further, Harmon admits that plaintiffs executed a mortgage to Wells Fargo Bank, N.A. ("Wells Fargo"). The referenced mortgage speaks for itself. Harmon is without sufficient information to admit or deny the remaining allegations.

2. Harmon admits that Federal Home Loan Mortgage Corporation ("Freddie Mac") is a corporation created by Act of Congress. Harmon is without sufficient information to admit or deny the remaining allegations.

3. Harmon admits that Wells Fargo is a national bank and the servicer of the plaintiffs' mortgage loan. Harmon denies the remaining allegations.

4. Harmon admits that admits that on March 2, 2015 it sent each plaintiff notice of an April 23, 2015 foreclosure sale, by regular first class mail and certified mail. The referenced notice speaks for itself.

5. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Harmon does not challenge the Court's jurisdiction.

6. This paragraph states a legal conclusion to which no response is required. Answering further, the referenced mortgage speaks for itself.

7. Denied.

8. Harmon admits that advertisement of the April 23, 2015 foreclosure sale was published; otherwise the allegations are denied.

9. Harmon admits that a foreclosure auction for April 23, 2015 was scheduled; otherwise the allegations are denied.

10. Harmon admits that a foreclosure auction was conducted on April 23, 2015 and that a third party was the high bidder at that auction; otherwise the allegations are denied. Answering further, the foreclosure sale was not completed and no foreclosure deed was transferred to the third party high bidder.

11. This paragraph states a legal conclusion to which no response is required. To the extent response is required, Harmon denies the allegations of this paragraph.

## COUNT I – VIOLATION OF FDCPA (HARMON AND WELLS FARGO)

12. Harmon repeats its responses to the prior paragraphs as if fully set forth herein.

[12]. Harmon is without sufficient information to admit or deny the allegation.

13. Harmon is without sufficient information to admit or deny the allegation.

14. Harmon denies the allegations.

15. Harmon denies the allegations.

16. Harmon denies the allegations.

17. Harmon denies the allegations, including all subparts.

18. Harmon denies the allegations.

19. Harmon denies the allegations.

20. Admitted.

21. Harmon denies the allegations, including all subparts.

## COUNT II – VIOLATION OF TILA (WELLS FARGO and FREDDIE MAC)

22. Harmon repeats its responses to the prior paragraphs as if fully set forth herein.

23. Harmon does not respond because Count II is not asserted against it.

24. Harmon does not respond because Count II is not asserted against it.

25. Harmon does not respond because Count II is not asserted against it.

26. Harmon does not respond because Count II is not asserted against it.

27. Harmon does not respond because Count II is not asserted against it.

28. Harmon does not respond because Count II is not asserted against it.

29. Harmon does not respond because Count II is not asserted against it.

30. Harmon does not respond because Count II is not asserted against it.

31. Harmon does not respond because Count II is not asserted against it.

32. Harmon does not respond because Count II is not asserted against it.

33. Harmon does not respond because Count II is not asserted against it.

34. Harmon does not respond because Count II is not asserted against it.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**. Plaintiffs' damages, if any, are the direct and proximate result of their own contributory or comparative fault.

**Third Affirmative Defense**. Plaintiffs' damages, if any, were the direct and proximate result of the negligent acts or omissions of third parties for whose conduct Harmon is not responsible.

**Fourth Affirmative Defense**. Plaintiffs' complaint fails to allege sufficient facts in support of its conclusions that Harmon was a debt collector under the FDCPA and, as such, plaintiffs have failed to state a claim upon which relief can be granted and the complaint must be dismissed.

**Fifth Affirmative Defense**. Plaintiffs' complaint fails to allege facts in support of its conclusion that Harmon made a "threat to take any action that cannot legally be taken." Harmon did not *threaten* to notice a foreclosure of plaintiffs' property; as alleged, Harmon *did* notice a foreclosure of plaintiffs' property on behalf of its client, which foreclosure would have been an action legally permissible under Rhode Island law and the terms of the mortgage in light of plaintiffs' default on the loan. Although plaintiffs do not expressly allege their default in the complaint, the existence of that default must be inferred by the lack of any allegation that the loan was not in default at the time foreclosure was commenced, as lack of a default would surely have been asserted by plaintiffs if they have not been in default at all relevant times.

**Sixth Affirmative Defense**. Harmon reserves the right to amend its affirmative defenses to modify or add defenses that further investigation and discovery may reveal.

                                                  Respectfully submitted,
**HARMON LAW OFFICES, P.C.**,
By its attorney,

*/s/ Scott C. Owens*
Scott C. Owens
BBO#8831
HARMON LAW OFFICES, P.C.
150 California Street
Newton, MA 02458
Phone: (617) 558-0738
Fax: (617) 243-4038
sowens@harmonlaw.com

April 5, 2016

4

## CERTIFICATE OF SERVICE

I, Scott C. Owens, Esquire, certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 5th day of April, 2016.

/s/ *Scott C. Owens*
Scott C. Owens